**Opinion issued June 6, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00081-CR

_____

**ROBERT WHITFIELD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 87th District Court**
**Freestone County, Texas**
**Trial Court Case No. 9397-B**

_____

**DISSENTING OPINION**

I respectfully dissent. A jury convicted appellant, Robert Whitfield, of rape

in 1981 and assessed punishment at fifteen years' confinement. In 2007, Whitfield

moved for post-conviction DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art.

64.03(a) (Vernon Supp. 2012). The majority holds that, pursuant to the Court of Criminal Appeals' opinion in *State v. Holloway*, 360 S.W.3d 480 (Tex. Crim. App. 2012), this Court lacks jurisdiction to review the sufficiency of the evidence supporting a trial court's finding concerning the results of the DNA testing, and it dismisses the appeal. I disagree.

The majority's holding does not properly apply the reasoning in *Holloway* and has the effect of making a trial court's finding under Code of Criminal Procedure article 64.04 unreviewable by the courts of appeals. The majority thus unilaterally repeals article 64.05, which provides that an appeal under Chapter 64 "is to a court of appeals in the same manner as an appeal of any other criminal matter . . . ." TEX. CODE CRIM. PROC. ANN. art. 64.05 (Vernon 2006). The majority opinion also abrogates the entire body of appellate case law reviewing the rulings of trial court judges under article 64.04 without authorization from any statute or higher court.

Texas Rule of Appellate Procedure 47.1 requires that Texas courts of appeals decide every issue properly raised and necessary to final disposition of the appeal. TEX. R. APP. P. 47.1. I would hold that this Court has jurisdiction to review questions concerning whether sufficient evidence supports a trial court's finding that DNA test results are unfavorable to a defendant and that, in this case, sufficient evidence supports the trial court's finding that the DNA test results were

2

not favorable to Whitfield. I would, therefore, decide the case on the merits of the issue before the Court, and I would affirm.

## Background

A jury convicted Whitfield and two other men of rape in 1981 and assessed punishment at fifteen years' confinement. After his release, Whitfield was subsequently incarcerated for failing to register as a sex offender. In 1997, the rape kit from the original offense was destroyed as part of routine evidentiary disposal procedures. In 2007, Whitfield moved for post-conviction DNA testing under Code of Criminal Procedure Chapter 64. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01–.05 (Vernon 2006 & Supp. 2012). In April 2009, Brandi Mohler, a forensic scientist with the Texas Department of Public Safety, completed the testing on the evidence that was still available. The trial court held a hearing on the results of this testing on October 20, 2011.

At the hearing, Mohler testified concerning her examination of the evidence collected in the underlying case. The evidence submitted for DNA testing consisted of eight hairs taken from the complainant, from her clothing, and from the three defendants, including Whitfield. Mohler did not analyze four of the hairs because the identities of the contributors of those hairs were known. Mohler extracted DNA samples from a hair known to come from the complainant, a hair

3

from the complainant's underwear, a hair found on the complainant's shirt, and a hair from the underwear of one of Whitfield's co-defendants.

Mohler obtained a partial DNA profile from the hair found on the complainant's shirt, and she determined that this hair, which previously had been unidentified, was consistent with the complainant's known DNA profile. Neither of the other two unidentified hairs was able to be identified from this testing. Mohler testified that she could not obtain a DNA profile from the hair on the complainant's underwear or from the hair on the co-defendant's underwear, and she stated that there may not have been enough DNA present on the hairs to obtain a profile. Mohler concluded that she did not believe that any further testing would yield a different result.

In its findings of fact and conclusions of law, the trial court found that the DNA testing results did not exonerate Whitfield. The court concluded that "[t]he Defendant's lack of DNA is not enough to call identification of the complainant into issue" and that it is not reasonably probable that Whitfield would not have been convicted if the DNA testing results had been available at his trial. Whitfield then timely appealed this unfavorable finding.

**Overview of Code of Criminal Procedure Chapter 64**

Code of Criminal Procedure Chapter 64 sets out the process for a "convicted person" to obtain post-conviction DNA testing of biological evidence. *See* TEX.

4

CODE CRIM. PROC. ANN. art. 64.01–.05; *Holloway*, 360 S.W.3d at 483. A convicted person may request forensic DNA testing of evidence that was gathered in relation to the underlying offense and that was in the possession of the State during the original trial if the evidence (1) was not previously subjected to DNA testing or (2) was previously subjected to testing, but can be subjected to newer testing techniques. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(b) (Vernon Supp. 2012); *Holloway*, 360 S.W.3d at 483. To obtain testing, the movant must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing and that identity was an issue in the case, among other things. TEX. CODE CRIM. PROC. ANN. art. 64.03(a); *Holloway*, 360 S.W.3d at 483.

If the convicting court grants a motion for DNA testing, the court must hold a hearing following receipt of the test results. TEX. CODE CRIM. PROC. ANN. art. 64.04 (Vernon Supp. 2012); *Holloway*, 360 S.W.3d at 484. The trial court must then make a finding "as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." TEX. CODE CRIM. PROC. ANN. art. 64.04; *Holloway*, 360 S.W.3d at 484. Article 64.05 provides that an appeal under Chapter 64 "is to a court of appeals in the same manner as an appeal of any other criminal matter . . . ." TEX. CODE CRIM. PROC. ANN. art. 64.05.

5

**Appellate Jurisdiction**

The majority holds, on the basis of the Texas Court of Criminal Appeals' opinion in *Holloway*, that a court of appeals lacks jurisdiction to address questions concerning the sufficiency of the evidence to support a trial court's article 64.04 finding because the only way to obtain post-conviction relief based on DNA testing is via a writ of habeas corpus. Slip Op. at 2–3. I disagree with the majority's reading of *Holloway* and would hold that we have jurisdiction to review a trial court's finding that DNA testing results are not favorable to a defendant.

In *Holloway*, the defendant moved the convicting court to require DNA testing of "presumptive blood" found on the knife that had been admitted at trial as the murder weapon. 360 S.W.3d at 481. DNA testing subsequently revealed that the biological material on the knife did not belong to the complainant. *Id.* The convicting court then granted Holloway a new trial. *Id.* The State appealed and the Texarkana Court of Appeals held that, under Chapter 64, the convicting court lacked jurisdiction to grant Holloway a new trial and that the evidence did not support the trial court's favorable finding. *Id.* at 481–82.

In affirming, the Court of Criminal Appeals noted that, although Chapter 64 mandates that the trial court hold a hearing and make a finding concerning the significance of DNA testing results, it does not expressly provide for the convicting court to engage in any remedial action based on that finding. *Id.* at

6

486–87. Article 64.04, therefore, authorizes only a finding. *Id.* at 487. The court reasoned that the plain language of article 64.04 "expresses the evident legislative purpose behind Chapter 64, which was to provide a convicted person who is eligible under its terms with an avenue for obtaining post-conviction forensic DNA testing—and no more." *Id.* Thus, a defendant who obtains a favorable finding under article 64.04—that is, a finding that it is reasonably probable that, had the DNA testing results been available at trial, the jury would not have convicted— "may yet obtain appropriate relief predicated on that finding," but he must do so using "procedural devices beyond the boundaries of Chapter 64 itself," specifically, a writ of habeas corpus. *Id.* at 488.

The Court of Criminal Appeals determined that the Texarkana Court of Appeals had correctly held that the convicting court lacked jurisdiction to order a new trial after it made a favorable finding concerning the DNA test results. *Id.* at 490. As a result of its holding on that issue, the Court of Criminal Appeals also held that the Texarkana court "erred to address the State's challenge to the trial court's Article 64.04 finding." *Id.* The court concluded that, because the text of article 64.04 itself did not provide Holloway with a remedy after obtaining a favorable finding, the court of appeals' opinion regarding the sufficiency of the evidence to support that favorable finding "was advisory in nature." *Id.* It held

7

that that issue should instead be resolved at the time that Holloway sought post-conviction habeas corpus relief. *Id.*

In the instant case, the majority holds, on the basis of the reasoning in *Holloway*, that an appellate court should not address any questions of the sufficiency of the evidence to support a trial court's article 64.04 finding because a writ of habeas corpus is the only avenue of post-conviction relief based on DNA testing. Slip Op. at 2. In my view, the majority's holding and opinion are plainly erroneous for two reasons.

First, the majority's holding contradicts, and, therefore, effectively abrogates, Code of Criminal Procedure article 64.05, which expressly provides for the appeal of a trial court's article 64.04 finding "in the same manner as an appeal of any other criminal matter." TEX. CODE CRIM. PROC. ANN. art. 64.05. It is established jurisprudence that a criminal defendant may appeal an adverse ruling for insufficiency of the evidence. *See Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787 (1979) (noting that essential element of due process requires that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof"). Moreover, it is well-established that article 64.05 allows a defendant to appeal an unfavorable finding made by the trial court under article 64.04. *See Wolfe v. State*, 120 S.W.3d 368, 371 (Tex. Crim. App. 2003) ("Here, the court made a finding that the results were not favorable [to the defendant].

8

While appellant could, he did not contest that finding."); *Frank v. State*, 190 S.W.3d 136, 137–39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (reviewing challenge to trial court's unfavorable DNA test results finding); *see also Johnson v. State*, 183 S.W.3d 515, 519–20 (Tex. App.—Houston [14th Dist.] 2006, pet. dism'd) (reviewing same); *Booker v. State*, 155 S.W.3d 259, 266–67 (Tex. App.—Dallas 2004, no pet.) (reviewing same). The Court of Criminal Appeals in *Holloway* gave no indication that, by its holding, it intended to abrogate this line of cases and instead hold that courts of appeals cannot, in any circumstances, review the sufficiency of the evidence to support an article 64.04 finding. Nor is such a reading of *Holloway* sustainable in light of the law set forth above.

Second, this case is factually distinguishable from *Holloway*. In *Holloway*, the convicting court, pursuant to article 64.04, made a finding favorable to Holloway. The convicting court found that, if the jury had the results of the DNA testing, a reasonable probability existed that the jury would not have convicted, and it ordered a new trial. 360 S.W.3d at 482. The State then appealed, contending that insufficient evidence supported this favorable finding. *Id.* The Texarkana Court of Appeals agreed with the State and held that the DNA testing results were insufficient to support the convicting court's favorable finding, and it held that the district court lacked the jurisdiction to order a new trial based on its finding under article 64.04. *Id.* at 483. The Court of Criminal Appeals, however,

9

held that, because article 64.04 only authorized a finding and Holloway would have to pursue post-conviction relief via a writ of habeas corpus to actually obtain a remedy predicated on that favorable finding, the State's challenge to the sufficiency of that finding should be raised in a subsequent habeas proceeding, not on direct appeal of the favorable finding. *See id.* at 490.

In my view, the Court of Criminal Appeals' holding is necessarily limited to the factual situation present in *Holloway*, namely the situation in which a trial court makes a *favorable* finding on DNA test results. In *Holloway*, the Court of Criminal Appeals held only that the trial court, having made a DNA finding favorable to the defendant, lacked jurisdiction to order a new trial and that the appellate court lacked jurisdiction to review the trial court's favorable DNA finding. *See id.* The defendant could, however, avail himself of habeas corpus proceedings to seek a new trial based on the trial court's favorable DNA finding. *See id.* at 488–89. Only the *State* was denied the right of review of the trial court's favorable DNA finding. *See id.* at 490. While the Code of Criminal Procedure assures *defendants* an absolute right of appellate review in criminal matters, it does not necessarily accord the *State* the right to appeal a ruling favorable to the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)–(c) (Vernon Supp. 2012) (providing limited situations in which State is entitled to appeal order of trial court in criminal case).

The factual situation present here is the opposite of that in *Holloway*. Here, the trial court made an *unfavorable* finding concerning the DNA testing results, that is, a finding that it was not reasonably probable that, if the DNA testing results had been available at the time of Whitfield's trial, the jury would not have convicted Whitfield; and Whitfield, the *defendant*, not the State, is the party challenging the sufficiency of the evidence to support this unfavorable finding. Unlike in *Holloway*, Whitfield does not have a finding on which he can predicate a subsequent writ of habeas corpus. Thus, a direct appeal of this finding is the only way by which Whitfield can challenge the sufficiency of the evidence to support the trial court's unfavorable finding in this matter. *See, e.g.*, *Wolfe*, 120 S.W.3d at 371 (noting that defendant may challenge unfavorable DNA test results finding on appeal). Without this recourse, Whitfield is denied a measure of due process, namely, the right of appeal, expressly accorded him by article 64.05. *See* TEX. CODE CRIM. PROC. ANN. art. 64.05.

In my view, the Court of Criminal Appeals' opinion in *Holloway* can only reasonably be read as holding that the courts of appeals lack jurisdiction to review the sufficiency of the evidence supporting a favorable article 64.04 finding, not as holding that they lack jurisdiction to review both a favorable and an unfavorable finding. *See* 360 S.W.3d at 490. The law on unfavorable findings remains as it was before *Holloway*: those findings are reviewable on direct appeal to the court

11

of appeals. However, the sufficiency of the evidence to support a favorable finding must instead be raised when the defendant seeks post-conviction habeas corpus relief based on the finding. *Id.* I would, therefore, hold that this Court has jurisdiction to consider Whitfield's challenge to the sufficiency of the evidence supporting the trial court's unfavorable finding, and I would decide the case on the merits of Whitfield's challenge.

### Trial Court's Finding on DNA Testing Results

Whitfield argues on appeal that the trial court erred in not making a favorable finding on his article 64.04 challenge.

An appellate court reviews de novo a trial court's finding under article 64.04. *Frank*, 190 S.W.3d at 138. The court must review the entire record to determine whether the appellant established, by a preponderance of the evidence, that a reasonable probability exists that, had the DNA results been available in the original trial, he would not have been convicted. *See id.* (citing *Smith v. State*, 165 S.W.3d 361, 365 (Tex. Crim. App. 2005)); *see also Cate v. State*, 326 S.W.3d 388, 389 (Tex. App.—Amarillo 2010, pet. ref'd) ("While there may be subsidiary fact issues which we review deferentially, the ultimate question is one of law which we review de novo."). The appellant bears the burden of establishing that he would not have been convicted if exculpatory results had been obtained through DNA testing. *Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006).

The appellant must show a reasonable probability that exculpatory DNA testing would establish his innocence. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). A reasonable probability of innocence exists when there is a probability sufficient to undermine confidence in the outcome of the trial. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Bates v. State*, 177 S.W.3d 451, 453 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Test results that "merely muddy the waters" do not show a reasonable probability of innocence. *Rivera*, 89 S.W.3d at 59 (quoting *Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002)).

"A 'favorable' DNA test result must be the sort of evidence that would affirmatively cast doubt upon the validity of the inmate's conviction." *Ex parte Gutierrez*, 337 S.W.3d 883, 892 (Tex. Crim. App. 2011). If the DNA test results fail to demonstrate a reasonable probability of appellant's innocence, then the trial court does not err in finding the DNA test results "not favorable." *Johnson*, 183 S.W.3d at 520. Inconclusive test results do not make innocence more or less probable. *Cate*, 326 S.W.3d at 390; *Baggett v. State*, 110 S.W.3d 704, 707 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

I would conclude that Whitfield failed to carry his burden of showing that the DNA test results would exculpate him. *See* TEX. CODE CRIM. PROC. ANN. art. 64.04; *Wilson*, 185 S.W.3d at 484 (holding that defendant bears burden to establish

entitlement to relief under Chapter 64).  The DNA testing results in this case are, at best, inconclusive.  Mohler testified that, in addition to a known hair from the complainant, she tested three unidentified hairs.  She was unable to obtain a DNA profile from the hairs found on the complainant's underwear and on the underwear of one of Whitfield's co-defendants.  She was able to obtain a partial DNA profile from the hair found on the complainant's shirt, and she testified that this profile was consistent with the complainant's known DNA profile.  Thus, the evidence tested demonstrates only that the complainant had one of her own hairs on her shirt.  Mohler's inability to obtain, from one of the four tested hairs, a DNA profile that matched Whitfield's known DNA profile does not compel the conclusion that he was not involved in sexually assaulting the complainant nor does it establish a reasonable probability of his innocence sufficient to undermine confidence in the outcome of the trial.  *See Rivera*, 89 S.W.3d at 59; *Cate*, 326 S.W.3d at 390; *Johnson*, 183 S.W.3d at 520.  Instead, the DNA testing results only show that Whitfield did not leave any hairs on the complainant's clothing or that any such hairs were not preserved for testing.  *See Gutierrez*, 337 S.W.3d at 900 (noting, in case involving multiple defendants, that "a test showing that appellant's DNA was not in [fingernail] scrapings [taken from the complainant] would not establish his innocence").

14

The underlying offense in this case involved other defendants. In these factual circumstances, the defendant seeking exculpatory DNA testing faces a "more difficult" burden in establishing his entitlement to a favorable article 64.04 finding because "there is not a lone offender whose DNA must have been left at the scene." *Id.* The DNA testing results in this case merely confirm that some of the biological evidence collected belongs "as one would expect, to the victim of the crime." *Id.* Thus, the test results do not establish that Whitfield did not commit the underlying offense as either a principal or a party. *Id.*

I would conclude that the record contains sufficient evidence to support the trial court's unfavorable finding that Whitfield failed to establish that a reasonable probability exists that, had the DNA testing results been available at the time of his trial, the jury would not have convicted him. I would therefore affirm the trial court's finding.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Justice Keyes, dissenting.

Publish. TEX. R. APP. P. 47.2(b).