**Opinion issued July 22, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00081-CR

———————————

**ROBERT WHITFIELD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 87th Judicial District Court**
**Freestone County, Texas[1]**
**Trial Court Case No. 9397-B**

---

[1]     Pursuant to its docket equalization authority, the Supreme Court of Texas transferred the appeal to this Court. *See* Misc. Docket No. 12–9008 (Tex. Jan. 10, 2012); *see also* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases).

## MEMORANDUM OPINION

Appellant Robert Whitfield was convicted by a jury of rape, and nearly 20 years later he sought post-conviction DNA testing pursuant to Chapter 64 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03 (West Supp. 2013). The trial court ordered testing and conducted a hearing. After receiving testimony, the trial court found that there was not a reasonable probability that Whitfield would not have been convicted had the results been available at his trial. *See id.* art. 64.04. Roberts appealed the trial court's finding.

Because the testing does not create a reasonable probability that Whitfield would not have been convicted had it been available at his trial, we affirm.

## Background

A jury convicted Whitfield of rape in 1981 and assessed his punishment at imprisonment for 15 years. The State had alleged that two other men, Ray Brown and William Owens, acted with Whitfield and had intercourse with the complainant. After his release, Whitfield was incarcerated again for failing to register as a sex offender. In 1997, the rape kit from the original case was destroyed, pursuant to routine evidentiary disposal procedures. In 2010, Whitfield successfully moved for post-conviction DNA testing. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (West Supp. 2013). The trial court held a hearing on the results of the testing on October 20, 2011.

2

At the hearing, forensic scientist Brandi Mohler testified about her examination of the evidence from Whitfield's case. Eight items in the possession of the State had been submitted to Mohler:

- item K6, the known pubic hair of the complainant;

- item K7, the known head hair of the complainant;

- item K11, hair found on the complainant's underwear;

- item K13, hair found on the complainant's shirt;

- item Q1, the known pubic hair of accomplice Owen;

- item Q3, the known pubic hair of Whitfield;

- item Q5, the known pubic hair of accomplice Brown; and

- item Q6, four hairs found on the underwear of accomplice Brown, designated as hairs A, B, C, and D.

No analysis was performed on four of the hairs, K7, Q1, Q3, and Q5, because the identities of the contributors were known. Mohler extracted DNA from K6, K11, K13, and Q6-C.

Mohler was unable to obtain a DNA profile from K11 or Q6-C. She obtained a partial DNA profile from item K13, the hair found on the complainant's shirt. The partial DNA profile obtained from item K13 was "consistent with the DNA profile of the victim." Specifically, Mohler concluded, "The victim cannot be excluded as the contributor of the stain at [four loci]." In summary, Mohler

concluded that DNA in a hair found on the complainant's shirt matched the DNA of the complainant.

The trial court found that the test results did not exonerate Whitfield. The court concluded that it is not reasonably probable that Whitfield would not have been convicted if the DNA testing results were available at his trial. Whitfield then timely filed this appeal. *See id.* art. 64.05 (allowing appeals of forensic DNA testing hearings "in the same manner as an appeal of any other criminal matter").[2]

## Analysis

In a single appellate issue, Whitfield argues that he established by a preponderance of the evidence that it is reasonably probable that he would not have been convicted had the results of the DNA testing been available at his trial. *See id.* Thus, this appeal concerns only the trial court's finding under Article 64.04 and does not concern the propriety of any order or finding regarding the propriety of further testing pursuant to Article 64.03. *See id.* arts. 64.03, 64.04.

Article 64.04 of the Code of Criminal Procedure governs hearings on post-conviction DNA testing. *Id.* art. 64.04. We review de novo the trial court's ultimate

---

[2] In a June 6, 2013 opinion, applying the holding from *State v. Holloway*, 360 S.W.3d 480 (Tex. Crim. App. 2012), this court dismissed the appeal for want of jurisdiction. Whitfield then filed a petition for discretionary review. The Court of Criminal Appeals granted the petition and agreed that the jurisdictional question was controlled by *Holloway*, but decided to overrule that case. *Whitfield v. State*, 430 S.W.3d 405, 409 (Tex. Crim. App. 2014). The Court then remanded the cause to this court for review on the merits.

rulings under Article 64.04. *Frank v. State*, 190 S.W.3d 136, 138 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). We review the entire record to determine whether the appellant established, by a preponderance of the evidence, that there is a reasonable probability that he would not have been convicted because of favorable DNA test results. *Id.* (citing *Smith v. State*, 165 S.W.3d 361, 365 (Tex. Crim. App. 2005)).

To demonstrate a "reasonable probability" that he would not have been convicted under Article 64.04, an appellant must show a reasonable probability that exculpatory DNA testing would prove his innocence. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). A reasonable probability of innocence exists when there is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Bates v. State*, 177 S.W.3d 451, 453 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Test results that "merely muddy the waters" do not show a reasonable probability of innocence. *Rivera*, 89 S.W.3d at 59 (quoting *Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002)).

"A 'favorable' DNA test result must be the sort of evidence that would affirmatively cast doubt upon the validity of the inmate's conviction." *Ex parte Gutierrez*, 337 S.W.3d 883, 892 (Tex. Crim. App. 2011). If the DNA test results fail to demonstrate a reasonable probability of appellant's innocence, then the trial

court does not err in finding the DNA test results "not favorable." *Johnson v. State*, 183 S.W.3d 515, 520 (Tex. App.—Houston [14th Dist.] 2006, pet. dism'd). Inconclusive results do not establish a reasonable probability of innocence. *Baggett v. State*, 110 S.W.3d 704, 707 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

In this case, Mohler was presented with hairs known to have come from Whitfield, his accomplices, and the complainant. She was also presented with hairs found on the clothing of the complainant, her underwear and shirt, and the underwear of one of the accomplices. Mohler did not analyze the hair known to have come from Whitfield or his accomplices. She extracted DNA from the hair found on the complainant's underwear, the hair found on the complainant's shirt, one of the hairs found in the underwear of accomplice Brown, and the hair known to have come from the complainant. Mohler was unable to obtain a DNA profile from the hair found on the complainant's underwear or the hair found in accomplice Brown's underwear. She obtained a partial DNA profile from the hair known to have come from the complainant and a partial DNA profile from the hair found on the complainant's shirt. These profiles were consistent with each other; the complainant could not be excluded at four loci.

A jury would have learned little from Mohler's testimony; only that a hair found on the complainant's shirt belonged to her, and that a trained technician was unable to obtain DNA profiles from hairs found on the underwear of the

6

complainant and one of Whitfield's accomplices. Neither fact is probative of whether Whitfield raped the complainant as alleged. The results of the testing thus do not establish a reasonable probability that had they been available at his trial, Whitfield would have not been convicted. *See Gutierrez*, 337 S.W.3d at 892. Whitfield's issue is overruled.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).