

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00032-CR

**DAMON LAVELLE ASBERRY,**

                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                            **Appellee**

---

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2007-1625-C2A

---

## MEMORANDUM OPINION

---

Damon Lavelle Asberry was convicted of murder and sentenced to life in prison. TEX. PEN. CODE ANN. § 19.02(b) (West 2011). We affirmed his conviction, and our judgment was affirmed by the Court of Criminal Appeals. *Asberry v. State*, No. 10-08-00237-CR, 2009 Tex. App. LEXIS 8512, *1 (Tex. App.—Waco Nov. 4, 2009) (not designated for publication), *aff'd*, No. PD-0257-10, 2011 Tex. Crim. App. Unpub. LEXIS 101 (Tex. Crim. App. 2011). Subsequently, Asberry filed a motion for DNA testing.

Based on the motion and the agreement of the parties, the trial court ordered testing to be completed. After the results were obtained and a hearing held regarding those results, the trial court made findings unfavorable to Asberry. Because there was no error shown in the trial court's findings, the trial court's findings are affirmed.

In his sole issue, Asberry contends the trial court erred in its finding that there was not a reasonable probability that Asberry would have been acquitted had the new results been known at the time of trial. Article 64.04 states that "after examining the results of [DNA] testing under Article 64.03, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." TEX. CODE CRIM. PROC. ANN. art. 64.04 (West 2006). After conducting the required hearing, the trial court found:

> that had the results been known at the time of trial, there is NOT a reasonable probability of innocence, and that it is NOT more likely than not that no reasonable juror would have convicted the defendant in light of the new evidence.

A de novo review is the appropriate appellate review of the trial court's rulings under article 64.04. *Frank v. State*, 190 S.W.3d 136, 138 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *Hicks v. State*, 151 S.W.3d 672, 675 (Tex. App.—Waco 2004, pet. ref'd). In reviewing the trial court's article 64.04 ruling, we review the entire record to determine whether Asberry established, by a preponderance of the evidence, that he

would not have been convicted had the new results of the DNA test been available at trial. *See Frank*, 190 S.W.3d at 138.

In this case, there is virtually no record to show, or that could show, error by the trial court. In addition to reviewing the previous and new test results entered into evidence[1] and the argument of counsel, the trial court relied on its own independent recollection of the trial and found that it was "NOT more likely than not that no reasonable juror would have convicted the defendant in light of the new evidence."

We have held that "testimony from a previous trial cannot be considered by the trial judge at a subsequent trial unless it is admitted into evidence at the subsequent proceeding." *Davis v. State*, 293 S.W.3d 794, 797 (Tex. App.—Waco 2009, no pet.) (trial court erred in taking judicial notice of previous criminal trial in subsequent forfeiture proceeding). In order for testimony at a prior hearing or trial to be considered at a subsequent proceeding, the transcript of such testimony must be properly authenticated and entered into evidence. *Id*. at 798. The transcript of Asberry's prior trial was not properly authenticated and entered into evidence at the article 64.04 hearing.

The lack of a properly introduced record does not, however, benefit Asberry. Asberry had the burden to establish, by a preponderance of the evidence, that he would not have been convicted had the jury been presented with the new DNA test results.

---

[1] Although the previous DNA test results could not exclude Asberry or the murder victim as possible contributors to the sample of DNA tested, the sample of DNA tested randomly matched half of the general population. The current DNA test results excluded Asberry and the murder victim as possible contributors.

Because there is no record of the previous trial, we have only the test results to consider; and those alone do not satisfy Asberry's burden.

Accordingly, Asberry's sole issue is overruled, and the trial court's findings are affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 8, 2015
Do not publish
[CRPM]

