PD-1409-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/9/2015 4:41:24 PM
Accepted 12/11/2015 12:02:54 PM
ABEL ACOSTA
CLERK

No. PD-1409-15

IN THE
COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

Trial Court No. 2007-1625-C2A
Court of Appeals No. 10-15-00032-CR

\* \* \* \*

DAMON LAVELLE ASBERRY
Appellant

v.

THE STATE OF TEXAS,
Appellee

\* \* \* \*

Appealed from the Court of Appeals for the
Tenth Judicial District of Texas
Sitting at Waco

\* \* \* \*

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
ORAL ARGUMENT REQUESTED

\* \* \* \*

December 9, 2015

Walter M. Reaves Jr.
100 N. 6th Street, Suite 802
Waco, Texas  76701
(254) 296-0020
FAX# (877) 726-4411
Attorney for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

December 11, 2015

ABEL ACOSTA, CLERK

NAMES OF THE PARTIES TO THE FINAL JUDGMENT

STATES OF TEXAS:

Mr. Abelino "Abel" Reyna
Mr. Edward Vallejo
Ms. Melanie Walker
Assistant McLennan County District Attorneys
219 North Sixth Street, Suite 200
Waco, TX  76701


APPELLANT'S TRIAL COUNSEL

Stephen Keathley
412 W. 3rd Av.
Corsicana, Texas 75110

TRIAL JUDGE

The Honorable Matt Johnson
54h District Court
McLennan County Courthouse
501 Washington Avenue
Waco, TX  76701

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

LIST OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

QUESTIONS PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REASONS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Did the Court of Appeals err in holding it could not consider the court record in reviewing the decision of the trial Court since the record was not formally introduced at the hearing to consider the results of DNA testing? . . . . . . . . . . . . . . . . . . . 1

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

APPENDIX - Court of Appeals Opinion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## LIST OF AUTHORITIES

STATE CASES

*Flores v. State*, 150 S.W.3d (Tex. App. - 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Jacobs v. State*, 115 S.W.3d 108 (Tex. App. - Texarkana, 2003) . . . . . . . . . . . . . . . . . . 4

*Turner v. State*, 733 S.W.2d 218 (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . . . . . . . . . 4

STATUTES AND RULES

TEX. R. APP. PROC. 66.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT OF THE CASE

Appellant was charged by indictment with the felony offense of Murder. He entered a plea of not guilty and a jury trial commenced on June 10, 2008, in the 54th District Court of McLennan, Texas, the Honorable Matt Johnson, presiding. The jury returned a verdict of guilty on June 13, 2008. Punishment was subsequently assessed at Life in the Texas Department of Criminal Justice, Institutional Division. No fine was assessed. Appellant took his appeal to the Tenth Court of Appeals, which affirmed his conviction and sentence in an opinion delivered on November 4, 2009. *Asberry v. State*, No. 10-08-00237-CR (Tex. App. - Waco, Nov. 4, 2009), *aff'd* No. PD-0257-10 (Tex. Crim. App. 2011)

Following the affirmance of his conviction, appellant filed a Motion for Forensic DNA Testing. (C.R. 4-23) The motion was denied by a written order from the trial court, which was issued on January 15, 2015 (C.R. 40-43)

## PROCEDURAL HISTORY

Appellant timely filed notice of appeal, and took his appeal to the Court of Appeals for the Tenth Judicial District, sitting at Waco, Texas. In a memorandum opinion, dated October 8, 2015, the Court found affirmed the judgement and order of the trial court. Appellant now timely files this petition for discretionary review.

1

QUESTIONS PRESENTED FOR REVIEW

**Did the Court of Appeals err in holding it could not consider the court record in reviewing the decision of the trial Court since the record was not formally introduced at the hearing to consider the results of DNA testing?**

GROUNDS FOR REVIEW

1. The Court of Appeals decision conflicts with the decisions of the Second, Fifth and Sixth Court of Appeals, in holding the records of the trial could not be considered in a Chapter 64 proceeding where the record was not formally introduced into evidence. TEX. R. APP. PROC. 66.3(a).

2. The Court of Appeals has decided an important question of State law which conflicts with the decision of this Court, in holding the Court could not consider its own records where the records were not formally introduced into evidence. TEX. R. APP. PROC. 66.3(c).

REASONS FOR REVIEW

REASON FOR REVIEW NUMBER ONE

**The Court of Appeals erred in holding it could not consider the trial Court record when reviewing the Court's findings in a Chapter 64 proceeding, where the record was not formally introduced into evidence at the hearing.**

The State utilized DNA evidence at appellant's trial in 2008. The initial investigation revealed that the victim and appellant had been together at some point, and were seen in appellant's car. The car was examined for evidence, and a blood stain was found on a seat cushion. The area was swabbed, and the swab was originally submitted in 2003 by Southwest Institute of Forensic Sciences. ("SWIFS") The initial analyst who tested the evidence was Stacy McDonald. She testified that presumptive tests for blood were positive on the car seat, cushion, seat belt and a shirt. (7 R.R. 60, 69) The initial testing was done in July. There was a second round of testing in October 2003, which was performed by Timothy Sliter. (7 R.R. 70) That testing produced a partial profile; McDonald testified that 5 of the 8 markers found matched the victim, along with an unknown male. She also testified that 1 in 2 people could have those markers, which she conceded was a weak match. (7 R.R. 83, 92) She also testified that appellant was included as a contributor to the seat cushion cutting, and a shirt that was in the back of the car. (7 R.R. 83-84)

The evidence was tested again in 2006, this time by Texas Department of Public Safety Crime lab ("TDPS"). The car was still in storage, and cuttings were taken from the seat cushions. Leslie Johnson, did the testing at TDPS and testified at trial that DNA was

1

recovered from the seat cushion, but it did produce a profile. (7 R.R. 18-28) That testing was done in May, 2006. *Id.*

In July of 2013, Appellant filed a Motion for Forensic DNA testing pursuant to Chapter 64 of Texas Code of Criminal Procedure. (C.R. 4-23) Appellant sought an order to test the evidence that had previously been tested. The court ultimately granted the motion, and Ordered the evidence to be tested by the TDPS crime lab. (C.R. 26) Initially, there was confusion over what had been tested, with the Department submitting a letter to the court indicating the evidence had already been tested using the same test that would be used if the evidence was re-tested. (C.R. 28-29) However, it was subsequently determined that different items were tested; SWIFS tested cuttings that were taken from the seat cushions, whereas TDPS had tested swabs from the cushions. (2 R.R. 12-13)

When the evidence was re-tested, no results were obtained for one of the swabs from the seat cushion or the two swabs from the shirt. However, results were obtained for the other swab from the seat cushion, which was the same item that had produced the result testified to at trial. Whereas the initial testing could not exclude either appellant or the victim, the new test excluded both. (2 R.R. 15-16) Specifically, TDPS was able to obtain a mixture that was consistent with at least three contributors, with both appellant and the victim being excluded. According to Erin Casmus, the analyst from TDPS, she was able to obtain a "fuller profile", using a newer technique for extraction. (2 R.R. 17)

Despite the difference in results, the State argued the new results would not have

2

altered the verdict. The trial court agreed, and entered Findings of Fact. In those findings, the Court found that "The State's evidence aside from the DNA evidence presented at trial was strong." The court also found that the testimony of two jailhouse witnesses that was presented at trial was credible. The court concluded by finding:

> that had the results been known at the time of trial, there is NOT a reasonable probability of innocence, and that it is NOT more likely than not that no reasonable juror would have convicted the defendant in light of the new evidence.

*Law and Standard of Review*

Appellant appealed the ruling of the trial Court to the Tenth Court of Appeals in Waco, Texas. In his brief, appellant pointed out the weaknesses in the State's case, and also pointed out why the new results were significant. In doing so, appellant relied on the evidence presented at trial, as well as the facts set forth in the original decision on appeal. Instead of reviewing the entire record, the Court held that it was limited to considering the evidence presented at the Chapter 64 proceeding. The could found that the "transcript of Asberry's prior trial was not properly authenticated and entered into evidence at the Art. 64.04 hearing." Since the only evidence before the Court was the results of the new testing, the Court of Appeals held appellant had not met his burden.

Appellant suggests the holding of the Court of Appeals is contrary to the decisions of every Court that has considered this issue. Appellant further suggests the decision conflicts with the purpose of the Chapter 64, which necessarily entails a review of the prior proceedings.

3

This same issue was before the Sixth Court of Appeals in *Jacobs v. State*, 115 S.W.3d 108 (Tex. App. - Texarkana, 2003). There, it was the defendant who argued the Court of Appeals was limited to reviewing the Motion for Testing, and the hearing on that motion. The Court rejected that argument for several reasons. First, the Court noted the trial court would have the entire file before it when reviewing a motion for post-conviction testing. Since the case had been appealed, and the testimony transcribed, the trial court would have the reporter's record available to review. The Court of Appeals held it should have access to the same evidence, concluding "to hold otherwise would effectively thwart our ability to effectively review these types of cases."

Second, the Court noted that requiring the parties to re-offer all of the evidence would be waste of judicial economy, and would turn DNA hearings into "quasi mini-trial." Finally, the Court noted that it could also take notice of its own file from the direct appeal.

*Jacobs* has been routinely cited for the holding that appellate review of a motion for DNA testing "is not limited to evidence relating to the motion and/or hearing on the motion." *Flores v. State*, 150 S.W.3d (Tex. App. - 2004) This Court has also held that a trial court can take judicial notice of records of its own court in a case concerning the same subject matter and between the same parties. *Turner v. State*, 733 S.W.2d 218 (Tex. Crim. App. 1987).

Appellant suggests it would be nonsensical to hold a court could not consider records from the same proceeding when ruling on a request for DNA testing. Such motions must be filed in the same court, and in the same cause. As a result, the motion is filed in the same file

4

that contains all the other records related to the case. Additionally, there is nothing that limits the trial judge - or anyone for that matter - from looking at everything that has occurred in the case, including the record of the prior trial. In this case, this Court was also in the same position as the trial court. The prior appeal was to this court, and therefore all of the records, including the reporters record, as available. To hold the court could not review its own records makes no sense.

If all that was not enough, there is no doubt that the trial court reviewed all of the records. In its Findings of Fact the court recited that it had taken "judicial notice of the record in all causes." (Supp. C.R. 32) If the job of this court is to review the decision of the trial court, there is no way to do so without reviewing the same evidence the trial court reviewed.

For all these reasons, Appellant suggests the Court erred in refusing to review the record of the trial court proceedings, and for that reason, review should be granted.

PRAYER

WHEREFORE, APPELLANT PRAYS the court grant this petition, reverse the decision of the Court of Appeals and remand the case for further consideration.

5

Respectfully Submitted,


 /s/ Walter M. Reaves, Jr.
Walter M. Reaves Jr.
100 N. 6th Street, Suite 802
Waco, TX  76701
(254) 296-0020
FAX # (877) 726-4411
TBA#16644200
walterreaves@att.net

Attorney for Defendant


## CERTIFICATE OF SERVICE


I hereby certify that a copy of the foregoing petition for discretionary review has been delivered to Abel Reyna, District Attorney for McLennan County, Texas, and to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, on this the 9th day of December, 2015.


 /s/ Walter M. Reaves, Jr.
Walter M. Reaves Jr.

6

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

| | |
|---|---|
| RUBEN MIGUEL ALANIZ<br>    Appellant | *<br>*<br>* |
| vs. | No. PD-1409-15_____<br>*     COA #10-15-00032-CR<br>*<br>* |
| THE STATE OF TEXAS<br>    Appellee | * |

CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3), I hereby certify that the Appellant's brief filed in this cause contains 2,221 words. The document was prepared using Wordperfect 12, and the word count was generated using that program.

/s/ Walter M. Reaves, Jr.
 Walter M. Reaves, Jr.
 100 N. 6th Street, Suite 802
 Waco, Texas 76701
 (254) 296-0020
 FAX (877) 726-4411
 TBA# 16644200
 Walterreaves@att.net

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing certificate was mailed to the Office of the District Attorney for McLennan County, Texas, on December  9, 2015

/s/ Walter M. Reaves, Jr.
 Walter M. Reaves, Jr.



IN THE
TENTH COURT OF APPEALS
_____

No. 10-15-00032-CR

DAMON LAVELLE ASBERRY,

                                                            Appellant

 v.

THE STATE OF TEXAS,

                                                            Appellee

_____

From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-1625-C2A

MEMORANDUM OPINION

Damon Lavelle Asberry was convicted of murder and sentenced to life in prison. TEX. PEN. CODE ANN. § 19.02(b) (West 2011). We affirmed his conviction, and our judgment was affirmed by the Court of Criminal Appeals. *Asberry v. State*, No. 10-08-00237-CR, 2009 Tex. App. LEXIS 8512, *1 (Tex. App.—Waco Nov. 4, 2009) (not designated for publication), *aff'd*, No. PD-0257-10, 2011 Tex. Crim. App. Unpub. LEXIS 101 (Tex. Crim. App. 2011). Subsequently, Asberry filed a motion for DNA testing.

Based on the motion and the agreement of the parties, the trial court ordered testing to be completed. After the results were obtained and a hearing held regarding those results, the trial court made findings unfavorable to Asberry. Because there was no error shown in the trial court's findings, the trial court's findings are affirmed.

In his sole issue, Asberry contends the trial court erred in its finding that there was not a reasonable probability that Asberry would have been acquitted had the new results been known at the time of trial. Article 64.04 states that "after examining the results of [DNA] testing under Article 64.03, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." TEX. CODE CRIM. PROC. ANN. art. 64.04 (West 2006). After conducting the required hearing, the trial court found:

> that had the results been known at the time of trial, there is NOT a reasonable probability of innocence, and that it is NOT more likely than not that no reasonable juror would have convicted the defendant in light of the new evidence.

A de novo review is the appropriate appellate review of the trial court's rulings under article 64.04. *Frank v. State*, 190 S.W.3d 136, 138 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *Hicks v. State*, 151 S.W.3d 672, 675 (Tex. App.—Waco 2004, pet. ref'd). In reviewing the trial court's article 64.04 ruling, we review the entire record to determine whether Asberry established, by a preponderance of the evidence, that he

would not have been convicted had the new results of the DNA test been available at trial. *See Frank*, 190 S.W.3d at 138.

In this case, there is virtually no record to show, or that could show, error by the trial court. In addition to reviewing the previous and new test results entered into evidence[1] and the argument of counsel, the trial court relied on its own independent recollection of the trial and found that it was "NOT more likely than not that no reasonable juror would have convicted the defendant in light of the new evidence."

We have held that "testimony from a previous trial cannot be considered by the trial judge at a subsequent trial unless it is admitted into evidence at the subsequent proceeding." *Davis v. State*, 293 S.W.3d 794, 797 (Tex. App.—Waco 2009, no pet.) (trial court erred in taking judicial notice of previous criminal trial in subsequent forfeiture proceeding). In order for testimony at a prior hearing or trial to be considered at a subsequent proceeding, the transcript of such testimony must be properly authenticated and entered into evidence. *Id*. at 798. The transcript of Asberry's prior trial was not properly authenticated and entered into evidence at the article 64.04 hearing.

The lack of a properly introduced record does not, however, benefit Asberry. Asberry had the burden to establish, by a preponderance of the evidence, that he would not have been convicted had the jury been presented with the new DNA test results.

---

[1] Although the previous DNA test results could not exclude Asberry or the murder victim as possible contributors to the sample of DNA tested, the sample of DNA tested randomly matched half of the general population. The current DNA test results excluded Asberry and the murder victim as possible contributors.

Because there is no record of the previous trial, we have only the test results to consider; and those alone do not satisfy Asberry's burden.

Accordingly, Asberry's sole issue is overruled, and the trial court's findings are affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 8, 2015
Do not publish
[CRPM]

