NO. 07-10-0256-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 26, 2010

_____

BOBBY J. CATE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-436,240; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Bobby J. Cate appeals an order determining that, had the results of DNA testing been available during his trial for aggravated sexual assault, it is not reasonably probable that he would not have been convicted. We affirm the order.

*Background*

In 2002, appellant was convicted of raping a woman he approached in the parking lot of a shopping mall in Lubbock and who offered to give him a ride in her

vehicle. That conviction was based primarily on the victim's identification of appellant. In other words, there was no forensic evidence offered to support the verdict.

In 2004, appellant filed a motion for DNA testing of hair samples found in the victim's car. One of the hair samples found in the vehicle was confirmed to belong to John Walter Hamilton. After testing, the trial court held a hearing in accordance with art. 64.04 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 64.04 (Vernon 2006) (requiring that after examining the results of testing, the convicting court hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted). At the conclusion of an evidentiary hearing, the trial court ruled against appellant.

*Discussion*

We review the trial court's order to determine whether the DNA test results create a probability of innocence sufficient to undermine confidence in the outcome of the trial. *Fuentes v. State,* 128 S.W.3d 786, 787 (Tex. App.–Amarillo 2004, pet. ref'd). While there may be subsidiary fact issues which we review deferentially, *Johnson v. State,* 183 S.W.3d 515, 519-20 (Tex. App.–Houston [14th Dist.] 2006, pet. ref'd, untimely filed), the ultimate question is one of law which we review *de novo. Fuentes v. State,* 128 S.W.3d at 787; *see also Rivera v. State,* 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

Appellant argues that because the hair fibers of Hamilton were found in the victim's vehicle where the rape occurred and because Hamilton fits the general description the victim provided of her assailant, *i.e.* white male, six feet, 160 pounds,

2

late thirties to early forties, brown hair, beard, and mustache, and blue or green eyes,[1] there is a reasonable probability he would not have been convicted had that particular evidence been available at trial. Yet, the record suggests that a witness during appellant's original trial indicated that hairs belonging to someone other than appellant were found in the vehicle. Indeed, more than eighty hairs with various characteristics were found and at least forty of them were dissimilar to appellant's hair. So, the theory underlying appellant's current attack upon his conviction was proffered to the jury before it decided to convict him.

Simply put, the DNA evidence does not exclude appellant as the assailant but merely tends to place someone with the same general physical characteristics as appellant (Hamilton) in the vehicle at some time or another. That Hamilton lived in Midland (as opposed to Lubbock where the assault occurred), that the assault victim acquired the vehicle from an individual living in Midland, that both the latter and Hamilton were acquaintances, and that Hamilton admitted to using the vehicle as the locus of a sexual rendevous in Midland with his girlfriend at one time could reasonably explain how the hair came to be in the vehicle. At the very least, it provides little to no logical basis to replace appellant with Hamilton at the scene of the assault in Lubbock. More needed to be presented before such could occur.

It must also be remembered that the victim was quite certain of her identification of appellant as her attacker. Moreover, she so identified him in three different photo arrays. As previously held by us in *Cate v. State*, 124 S.W.3d 922 (Tex. App.–Amarillo 2004, pet. ref'd), such testimony was sufficient to support his conviction. *Id.* at 928-29.

---

[1]Appellant was actually forty-four and had brown eyes.

This is of import for authority tells us that a reasonable probability of innocence does not exist if there is sufficient evidence, independent of the DNA evidence in question, to establish the appellant's guilt. *Johnson v. State*, 183 S.W.3d at 520.

Inconclusive evidence does not make innocence more or less probable. *Baggett v. State,* 110 S.W.3d 704, 707 n.1 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd); *see also Booker v. State,* 155 S.W.3d 259, 266-67 (Tex. App.–Dallas 2004, no pet.) (finding no reasonable probability of innocence because the testing did not exclude appellant as the culprit); *Fuentes v. State,* 128 S.W.3d at 787 (noting, among other things, that the testing failed to exclude appellant as the assailant); *Eubanks v. State,* 113 S.W.3d 562, 566 (Tex. App.–Dallas 2003, no pet.) (casting doubt is not enough to meet the burden to show a reasonable probability of one's innocence). The DNA evidence at bar falls within that realm; it is inconclusive. So too does it touch upon a defense presented to and apparently rejected by the jury that convicted appellant. Consequently, we overrule the issue before us and affirm the trial court's order.

Brian Quinn
Chief Justice


Publish.