ACCEPTED
02-15-00055-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
9/21/2015 6:57:04 PM
DEBRA SPISAK
CLERK

THE COURT OF APPEALS OF TEXAS
SECOND COURT OF APPEALS DISTRICT
FORT WORTH

RECEIVED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
9/21/2015 6:57:04 PM
DEBRA SPISAK
Clerk

| | | |
|---|---|---|
| ROGER DALE MEDFORD<br>APPELLANT | §<br>§<br>§ | NO. 02-15-00055-CR |
| VS. | §<br>§ | |
| THE STATE OF TEXAS,<br>APPELLEE | §<br>§<br>§ | |

**FILED**
COURT OF APPEALS
SECOND DISTRICT OF TEXAS

September 22, 2015

DEBRA SPISAK, CLERK

APPELLANT'S OPENING BRIEF
ORAL ARGUMENT IS REQUESTED

Appeal from Cause Number 0584735D in Criminal District Court Number Three
of Tarrant County, Texas, the Hon. Robb Catalano, presiding.

Scott Brown
State Bar No: 03127100
One Museum Place
3100 West 7th Street, Suite 420
Ft. Worth, Texas 76107
Phone: (817) 336-3600
Fax: (817) 336-3610
Email: sb@scottbrownlawyer.com
Attorney for Appellant

# IDENTITY OF PARTIES AND COUNSEL

1. Mr. Roger Dale Medford, Appellant, Defendant in the trial court, TDC# 00759936, Telford Unit, 3899 Hwy 98, New Boston, Texas 75570.

2. Hon. Robb Catalano, Presiding Judge in the trial court, Criminal District Court Number Three, Tarrant County, Texas, 401 West Belknap, Fort Worth, Texas 76196.

3. Hon. Steve Conder, Assistant Criminal District Attorney, Counsel for the State in the trial court, 401 West Belknap, Fort Worth, Texas 76196.

4. Hon. Scott Brown, Counsel for Appellant in the trial court and on appeal, 3100 West 7th Street, Suite 420, Fort Worth, Texas 76107

6. Hon. Debra Windsor, Assistant Criminal District Attorney, Counsel for the State on appeal, 401 West Belknap, Fort Worth, Texas 76196.

i

**TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL ................................................ i

TABLE OF CONTENTS ................................................................... ii

INDEX OF AUTHORITIES ……………………………………..iii

STATEMENT OF THE CASE ........................................................ 2

ISSUES PRESENTED ................................................................ 3

STATEMENT OF FACTS ……………………………………… 4

    POINT OF ERROR ONE……………………………………… 10

THE TRIAL COURT ERRED BY RULING THAT THE RESULTS
OF THE POST-CONVICTION CHAPTER 64 DNA TESTING WERE
NOT FAVORABLE FOR THE APPELLANT
(DNA R. 6; CR. (DNA): 122)

SUMMARY OF THE ARGUMENT ........................................... 10

ARGUMENT AND AUTHORITIES ........................................... 10

PRAYER FOR RELIEF .............................................................. 14

CERTIFICATE OF SERVICE .................................................... 15

CERTIFICATE OF COMPLIANCE…………………………… 15

# INDEX OF AUTHORITIES

## Case Law

*Baggett v. State*,
110 S.W.3d 704 (Tex.App.-Houston [14th Dist.] 2003,
pet. ref'd.) ................................................................................... 10, 11, 13

*Cate v. State*,
326 S.W.3d 388 (Tex.App.-Amarillo 2010, pet. ref'd.) ............................. 13

*Ex parte Gutierrez*,
337 S.W.3d 883 (Tex.Crim.App. 2011) ...................................................... 11

*Guzman v. State*,
955 S.W.2d 55 (Tex.Crim.App. 2002) ........................................................ 10

*Johnson v. State*,
183 S.W.3d 515 (Tex.App.-Houston [14th Dist.] 2006, pet. dism.) ....... 11, 12

*Perez v. State*,
2011 WL 2683189 (Tex.App.-Houston [14th Dist.] 2011)
(not designated for publication) ................................................................. 13

*Rivera v. State*,
89 S.W.3d 55 (Tex.Crim.App. 1997) .......................................................... 10

*Schlup v. Delo,*
513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)…………………… 11

## Constitutional Provisions, Statutes, Codes, and Rules

TEX. CODE CRIM. PROC. ANN. art.  64.04……..…………………………11

| | | | |
|---|---|---|---|
| ROGER DALE MEDFORD | § | NO. 02-15-00055-CR | |
| APPELLANT | § | | |
| | § | | |
| VS. | § | | |
| | § | | |
| THE STATE OF TEXAS, | § | | |
| APPELLEE | § | | |

**APPELLANT'S OPENING BRIEF**

TO THE HONORABLE COURT OF APPEALS:

Appellant, through counsel, files this brief urging that the Court grant him relief on appeal from the trial court's order denying relief following post-conviction DNA testing in cause number 0584735D which was obtained in the Criminal District Court Number Three in Tarrant County, Texas. References to the records will be as follows: "CR. (Trial)" for the one-volume Clerk's Record of the trial on the merits proceedings prepared by the Clerk followed by the pertinent page number(s); "CR. (DNA)" for the one-volume Clerk's Record of the post-conviction DNA proceedings prepared by the Clerk followed by the pertinent page number(s); "Trial R." for the seven-volume transcription of the court reporter's notes of the Appellant's trial on the merits, with the Roman-numerated volume number followed by the pertinent page number(s). "DNA R." for the one-volume

transcription of the court reporter's notes of the post-conviction Chapter 64 hearing, with the Roman-numerated volume number followed by the pertinent page number(s).

## STATEMENT OF THE CASE

Appellant was charged with the offense of Injury to an Elderly Person – Serious Bodily Injury. CR. (Trial): 3-4.  On August 15, 1996, after a plea of "not guilty" to a jury, Appellant was convicted of the offense alleged.  CR. (Trial): 31. Appellant was sentenced to incarceration in the penitentiary for a period of forty (40) years.  CR. (Trial): 33.

On March 26, 2010, Appellant filed his Motion for Forensic Testing of Evidence Containing Biological Material CR. (DNA): 10-37. On December 28, 2010, the Trial Court ordered DNA testing of the following items of evidence:

1.  Two hair samples collected from [C.E.'s][1] right hand; and

2.  Stain from a Coors' Light beer can "Kitchen Table.  CR. (DNA): 59-60.

On March 23, 2011, the Garland Division of the Texas Department of Public Safety Crime Lab completed the court-ordered testing.  CR. (DNA) 62-63.

On December 14, 2012, Appellant filed his Amended Supplemental Motion for Forensic Testing of Evidence Containing Biological Material CR. (DNA): 66-

---

[1] Per the rules of this court, abbreviations are used for the names of the decedent and trial witnesses.

74. On December 14, 2012, the Trial Court ordered DNA testing of the following items of evidence:

1. Three Stains from XJ-900 Walking Shoes

2. Five Stains From Blue Sweatpants;

3. Hairs Retained from Blue Sweatpants;

4. Five Stains From Sweat Top; and

5. Two Stains From White Handkerchief. CR. (DNA): 64-65.

On August 15, 2013, the Garland Division of the Texas Department of Public Safety Crime Lab completed the additional court-ordered testing. CR. (DNA) 114-118.

On the 13th day of February, 2015, a hearing was conducted regarding the results of the DNA testing. DNA R: 1-7. At the conclusion of that hearing, the trial court entered a "Nonfavorable Finding" on Appellant's DNA motion. DNA R. 6; CR. (DNA): 122. Appellant timely filed his notice of Appeal from the trial court's ruling and sentence. CR. (DNA): 124.

## ISSUE PRESENTED

### POINT OF ERROR ONE

THE TRIAL COURT ERRED BY RULING THAT THE RESULTS
OF THE POST-CONVICTION CHAPTER 64 DNA TESTING WERE
NOT FAVORABLE TO THE APPELLANT
(DNA R. 6; CR. (DNA): 122)

## STATEMENT OF FACTS

Appellant was charged with the offense of Injury to an Elderly Person – Serious Bodily Injury. CR. (Trial): 3-4. On August 15, 1996, after a plea of "not guilty" to a jury, Appellant was convicted of the offense alleged. CR. (Trial): 31. Appellant was sentenced to incarceration in the penitentiary for a period of forty (40) years. CR. (Trial): 33.

## RELEVANT TRIAL TESTIMONY

At the Appellant's trial, several officers with the Lake Worth Police Department testified. Officer J.W. testified that he arrived at 4225 Ridgecrest at approximately 7:00 a.m. on May 27th, 1995. Trial R. V: 9. At that time, he made contact with C.E. (the alleged victim). Trial R. V: 10. C.E. was intoxicated but, otherwise, appeared normal. Trial R. V: 10-12. The Appellant, C.E.'s son, was not present in the house. Trial R. V: 11.

At approximately 9:30 a.m. that same morning, Officer J.W. returned to 4225 Ridgecrest. Trial R. V: 13-14. Lake Worth Officer P.C. was also present. Trial R. V: 13-14. At that time, the Appellant and C.E. were present in the house. Trial R. V: 13-14. There did not appear to be any conflict between C.E. and Appellant at that time. Trial R. V: 15. C.E. was still intoxicated but did not appear to be injured in any manner. Trial R. V: 14-15.

At approximately 1:00 p.m. that same day, Officer J.W. saw the Appellant sitting in a car in a shopping center in Lake Worth. Trial R. V: 15-16. After the Appellant began driving the car, Officer J.W. stopped him for a traffic offense. Trial R. V: 17-18. Subsequently, Officer J.W. arrested the Appellant for public intoxication. Trial R. 21.

At approximately 11:00 p.m. that same day, Officer J.W. went back to 4225 Ridgecrest. Trial R. V: 24-25. At least two other officers were also present. Trial R. V: 25. At that time, Officer J.W. observed C.E. as she was being loaded into an ambulance. Trial R. V: 25-26. C.E. was covered in blood. Trial R. V: 26. Officer J.W. looked in the front door of the house and noticed a large amount of blood in the kitchen. Trial R. V: 29-30.

Officer K.S. was one of the officers who was present at 4225 Ridgecrest at approximately 11:00 p.m. on May 27th, 2005. Trial R. V: 42. Officer K.S. observed C.E. "laying on the ground, covered in blood." Trial R. V: 43. Officer K.S. also observed blood "all over the house." Trial R. V: 43. Officer K.S. saw the largest amount of blood in the kitchen. Trial R. V: 46. C.E. told Officer K.S. that she "fell down taking out the trash." Trial R. V: 48. C.E. told a paramedic "Yeah, he hit me." Trial R. V: 85.

Officer J.B. was another officer who was present at 4225 Ridgecrest at approximately 11:00 p.m. on May 27th, 2005. Trial R. V: 55-56. Officer J.B.

observed "blood on all of the walls and in every one of the rooms except for two." Trial R. V: 58. Officer J.B. observed what he believed to be swipe marks throughout the blood in the kitchen, where it had been "rubbed and smeared everywhere." Trial R. V: 63.

Officer J.B. collected the following items of evidence: three beer cans that were on a table, one beer can that was on the floor, one beer can that was in the sink, C.E.'s clothes, a flashlight that was close to C.E. and had blood on it, and a blue towel that was lying on the kitchen floor and had blood on it. Trial R. V: 66.

Lake Worth Police Detective D.T. observed the Appellant in the Lake Worth jail on May 28th, 2008 at approximately 1:00 a.m. Trial R. VI: 126-127. Detective D.T. collected the following items from the Appellant: shirt, pants, tennis shoes, socks, and a handkerchief. Trial R. VI: 129. The detective also swabbed the Appellant's hands. Trial R. VI: 129. The shirt and the pants appeared to have blood stains on them. Trial R. VI: 128-131. The clothes were sent to the Tarrant County Medical Examiner's Office. Trial R. VI: 131-132.

C.P., of the Tarrant County Medical Examiner's Office performed the forensic testing in Appellant's case. Trial R. VI: 149-152. DNA testing was performed on the Appellant's clothes. Trial R. VI: 151-152. One of the stains on the pants and one of the stains on the shirt matched the blood of C.E. Trial R. VI: 152-153.

No testing was performed on C.E.'s clothing or the bloody towel. Trial R. VI: 155-156 . Presumptive testing indicated the presence of blood on the flashlight, the tennis shoes, and a swab from the Appellant's right palm. Trial R. VI: 156-157. However, the quantity was insufficient for further testing. Trial R. VI: 156-157. A presumptive test indicated the presence of blood on one of the beer cans but no further testing was performed. Trial R. VI: 156-157. No testing was performed on the other beer cans.

C.P. received a hair sample that was collected from C.E.'s right hand and thumb. Trial R. VI: 158. C.P. performed no testing on this hair sample. Trial R. VI: 158.

C.E. was taken to Harris Methodist Hospital and died some time later (the stipulated testimony indicates an autopsy was performed on C.E. on November 5th, 1995). Trial R. V: 85; Trial R. VI: 181.

## POST-CONVICTION DNA TESTING

On March 26, 2010, Appellant filed his Motion for Forensic Testing of Evidence Containing Biological Material CR. (DNA): 10-37. On December 28, 2010, the Trial Court ordered DNA testing of the following items of evidence:

1. Two hair samples collected from [C.E.'s][2] right hand; and

2. Stain from a Coors' Light beer can "Kitchen Table. CR. (DNA): 59-60.

---

[2] Per the Rules of Appellate Procedure and the Local Rules of this Court, abbreviations are used for the names of the decedent and trial witnesses.

On March 23, 2011, the Garland Division of the Texas Department of Public Safety Crime Lab completed the court-ordered testing. CR. (DNA) 62-63. The results of this testing were as follows:

- The DNA profile from the beer can blood stain is consistent with C.E's DNA profile;

- The partial DNA profiles from the three hairs from the right hand and thumb are consistent with the DNA profile of C.E.;

- The partial DNA profile from two of the hairs from the right hand and little finger is consistent with the DNA profile of C.E.; and,

- No interpretable DNA profile was obtained from another hair from the right hand and little finger. CR. (DNA): 62-63.

On December 14, 2012, Appellant filed his Amended Supplemental Motion for Forensic Testing of Evidence Containing Biological Material CR. (DNA): 66-74. On December 14, 2012, the Trial Court ordered DNA testing of the following items of evidence:

1. Three Stains from XJ-900 Walking Shoes;

2. Five Stains From Blue Sweatpants;

3. Hairs Retained from Blue Sweatpants;

4. Five Stains From Sweat Top; and

5. Two Stains From White Handkerchief. CR. (DNA): 64-65.

On August 15, 2013, the Garland Division of the Texas Department of Public Safety Crime Lab completed the additional court-ordered testing. CR. (DNA) 114-118. The results of this testing were as follows:

- The three blood stains from the XJ-900 walking shoes are consistent with the DNA profile of C.E.;

- Two of the bloodstains from the blue sweatpants are consistent with the DNA profile of C.E.;

- One of the bloodstains from the blue sweatpants is consistent with a mixture from C.E. and a second contributor. No comparison can be made regarding the second contributor due to the low level of data;

- One of the bloodstains from the blue sweatpants is consistent with a mixture from C.E. and an unknown individual;
- No interpretable DNA profile was obtained from the fifth bloodstain from the blue sweatpants;

- No DNA profile was obtained from the hairs from the blue sweatpants;

-  Two of the bloodstains from the sweat top were consistent with the DNA profile of C.E.;

- No DNA profile was obtained from two of the bloodstains from the sweat top;

- One of the bloodstains from the sweat top is consistent with a mixture from C.E. and a second contributor. No comparison can be made regarding the second contributor due to the low level of data;

- The two bloodstains from the handkerchief are consistent with the DNA profile of Appellant. CR. (DNA): 114-118.

## SUMMARY OF THE ARGUMENT

In Point of Error One, Appellant demonstrates that the trial court erred by holding that the results of post-conviction Chapter 64 DNA testing were "not favorable" for Appellant. Appellant shows that, had the results of the DNA testing been available during the Appellant's trial, it is reasonably probable that Appellant would not have been convicted.

## ARGUMENT AND AUTHORITIES

## POINT OF ERROR ONE

**THE TRIAL COURT ERRED BY RULING THAT THE RESULTS
OF THE POST-CONVICTION CHAPTER 64 DNA TESTING WERE
NOT FAVORABLE FOR THE APPELLANT
(DNA R. 6; CR. (DNA): 122)**

### Standard of Review

The standard of review of a trial court's "not favorable" finding under article 64.04 Tex. Code of Criminal Procedure is the familiar bifurcated *Guzman* standard of review. *Baggett v. State,* 110 S.W.3d 704, 705-06 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd) (stating standard for challenges to trial court's article 64.04 findings). This standard requires a reviewing court to give almost total deference to the trial court's determination of historical fact issues that turn on credibility or demeanor, while reviewing other application-of-law-to-fact issues de novo. *Rivera v. State,* 89 S.W.3d 55, 59 (Tex.Crim.App. 2002) (citing *Guzman v. State,* 955

S.W.2d 85, 89 (Tex.Crim.App. 1997)). "Although there may be subsidiary fact issues that are reviewed deferentially, the ultimate question of whether a reasonable probability exists that exculpatory DNA tests would prove innocence is an application of law to fact question that does not turn on credibility and demeanor and is therefore reviewed de novo." *Baggett,* 110 S.W.3d at 706 (citing *Rivera,* 89 S.W.3d at 59).

## Relevant Law

After examining the results of testing under Article 64.03, the convicting court must hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted.  Tex. Code Crim. Proc. Art 64.04.  In order to demonstrate a "reasonable probability" that he would not have been convicted, as required under article 64.04, a Appellant  must show a reasonable probability that exculpatory DNA tests would prove his innocence.  *Johnson v. State,* 183 S.W.3d 515, 520 (Tex.App. – Houston [14[th] Dist.][ 2006, pet. dism'd].  A reasonable probability of innocence exists when there is a probability sufficient to undermine confidence in the outcome.  *Ibid.   See also Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995) (to show innocence, an appellant must show "it is more likely than not that no reasonable juror" would have convicted appellant in light of the new evidence).

A "favorable" DNA test result must be the sort of evidence that would affirmatively cast doubt upon the validity of Appellant's conviction. *Ex parte Gutierrez,* 337 S.W.3d 883, 892 (Tex.Crim.App.2011).

## Applying the Law to the Facts

Pursuant to Article 64.04 of the Texas Code of Criminal Procedure, the Appellant is entitled to a finding that "had the results been available during the trial of the offense, it is reasonably probable that [he] would not have been convicted." The DNA testing in the Appellant's case should not be reviewed in a vacuum; it should be reviewed in conjunction with the trial testimony and the testimony that was received at the post-testing hearings. (*Johnson v. State,* 183 S.W.3d 515, 520 (Tex.App. – Houston [14th Dist.] 2006, pet. dism'd.).

Appellant's case is distinguishable from the many cases that affirm a trial court's "not favorable" finding after post-conviction DNA testing. In those cases, additional evidence existed strongly connecting the Appellant to the offense alleged. *See Johnson v. State,* 183 S.W.3d 515, 520 (Tex.App. – Houston[14th Dist.] 2006, pet. dism'd.)(The Appellant was arrested immediately after the sexual assault while he was still holding the complainant against her will; an eyewitness identified the Appellant as the same man who had tried to abduct her immediately prior to the abduction and sexual assault of the complainant; the trial testimony and the Appellant's Chapter 64 affidavit provided an alternative explanation for the

presence of semen from an unknown source on the complainant's underwear);

*Cate v. State,* 326 S.W.3d 388 (Tex.App. – Amarillo 2010, pet. ref'd)(Appellant's theory for relief after post-conviction DNA testing was presented to the jury during Appellant's trial. Therefore, this issue had already been decided against the Appellant); *Baggett v. State,* 110 S.W.3d 704 (Tex.App. – Houston[14th Dist.] 2003, pet. ref'd)(Appellant testified at trial and admitted he was with the complainant on the night of the sexual assault and "believed" he stabbed her); *Perez v. State,* 2011 WL 2683189 (Tex.App. – Houston[14th Dist.] 2011)(not designated for publication)(Complainant knew the Appellant for several years prior to the sexual assault; an eyewitness identified the Appellant as the person he saw abducting the complainant; the examining nurse testified the complainant had physical injuries inconsistent with consensual sex; evidence similar to the results of the DNA testing was presented at the Appellant's trial).

The DNA testing in Appellant's case indicates that Appellant had several bloodstains on his clothing that matched C.E.'s DNA profile. However, the trial testimony in Appellant's case makes it clear that Appellant lived with C.E. and, therefore, could have gotten these stains on his clothing in ways other than by assaulting C.E. Appellant's and C.E.'s years of contact is also significant because DNA testing cannot establish when the bloodstains were deposited on Appellant's clothing. Furthermore, it is undisputed that there was no conflict between

Appellant and C.E. when officers were at their house the morning of May 27th, 1995 (the day C.E. was later found in her seriously injured state).

Based upon all of the facts present in Appellant's case, had the results of the DNA testing been available during the Appellant's trial, it is reasonably probable that Appellant would not have been convicted. Thus, the trial court erred by ruling that the DNA results were "not favorable" for Appellant.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court reverse the trial court's decision in cause number 0584735D that the results of the DNA testing were not favorable and issue an opinion holding that, had the DNA results been available during Appellant's trial of the offense, it is reasonably probable that Appellant would not have been convicted.

Respectfully submitted,

/s/Scott Brown
Scott Brown
State Bar No: 03127100
One Museum Place
3100 West 7th Street, Suite 420
Ft. Worth, Texas 76107
Phone: (817) 336-5600
Fax: (817) 336-5610
Email: sb@scottbrownlawyer.com

Attorney for Appellant

**CERTIFICATE OF SERVICE**

This is to certify that a copy of this Brief has been forwarded, via First Class United Sates Mail, to Debra Windsor, Chief, Appellate Section, Tarrant County District Attorney's Office, 401 W. Belknap St., Fort Worth, Texas 76196 on the 21st day of September, 2015.

/s/Scott Brown
Scott Brown

**CERTIFICATE OF COMPLIANCE**

I, Scott Brown, attorney for Appellant, Roger Dale Medford, certify that this document was generated by a computer using Microsoft Word 2007 which indicates the word count of this document is 2,652 per Tex.R.App. 9.4(i).

/s/Scott Brown
Scott Brown